**Yunlan YE, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States,[1] Respondent.**

**Docket No. 03–40259.**

United States Court of Appeals, Second Circuit.

Aug. 11, 2005.

---

1. Alberto Gonzales has been substituted for the former Attorney General in the caption of

Thomas V. Massucci, New York, NY, for Petitioner.

Deborah J. Groom, Assistant U.S. Attorney, for Robert C. Balfe, U.S., Attorney for the Western District of Arkansas, for Respondent.

Present: WESLEY, HALL, Circuit Judges, and TRAGER,[2] District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the summary affirmance of the BIA is **VACATED** and the case is **REMANDED** for further consideration.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After reviewing factual conclusions for substantial evidence and legal conclusions *de novo*, we now grant the petition and remand for a determination of whether there is a "reasonable possibility" that petitioner would be subject to religious persecution if she were to return to China.

Petitioner is a native of China who arrived in the United States in July of 1990. After conceding removability in 1998, petitioner filed an application for asylum and withholding of removal. The IJ found petitioner credible, but denied petitioner's application after a hearing. J.A. 26 ("Based on all the evidence before me I find that although I believe the respondent has testified truthfully in these proceedings concerning her religious beliefs, her practice of her faith, [and] her one night of detention in July of 1989, that the respondent has failed to establish [valid grounds for asylum]."). The BIA then summarily affirmed on July 11, 2003.

Ye and both of her parents are Christian. Her parents attended official, "registered" churches in China, while Ye began attending an underground church in China when she was in middle school. In June of 1988, she and the other members of the underground church were warned by the police to stop gathering for services. The underground church ceased meetings for a number of months thereafter, during which time petitioner prayed often in her own home. After the underground church began meeting again, however, the police arrested Ye and the other congregants and

this action pursuant to Fed. R.App. P. 43(c)(2).

2. The Honorable David G. Trager, Judge of the United States District Court for the Eastern District of New York.

detained them overnight. The police scared Ye and warned her not to attend the underground church again, but petitioner was not physically harmed by the police. Thereafter, petitioner was afraid to return home, instead staying with relatives and eventually making her way to the United States, where she now seeks asylum.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004). However, we review *de novo* "the … application of legal principles to undisputed facts." *Guan Shan Liao v. United States,* 293 F.3d 61, 66 (2d Cir.2002). Where, as here, the IJ found petitioner credible, and then denied petitioner asylum on the ground that the facts alleged by petitioner did not justify asylum, we need not review the unchallenged facts, and instead review only the application of the law, *de novo.*

Although the IJ concluded that petitioner failed to establish a well-founded fear of persecution related to her religious belief or practice of her faith if she returned to China, the rationale supporting that conclusion rests on an incorrect application of law. That error is summed up in a single sentence in which the IJ concludes that "[n]otwithstanding the [worsening treatment of underground religions in China,] this respondent simply has not established that her own religious beliefs or practices would cause her to be affected by those policies." J.A. 31–32. We conclude that the IJ has erred in this application of law to fact, because petitioner need not establish that "her own religious beliefs or practices *would* cause her to be affected," *id.* (emphasis added), but rather merely that

there is "reasonable possibility" of such "even if there is only a slight, though discernable, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000); 8 C.F.R. 208.13(b)(2)(i)(B); *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) ("it need not be shown that the situation will probably result in persecution, but it is enough that persecution is a reasonable possibility") (internal quotation marks and citation omitted).

This Court reverses an IJ's finding only where no reasonable fact-finder could have failed to find that past persecution occurred or that a well-founded fear of persecution exists. *Ramsameachire,* 357 F.3d at 177; *Diallo,* 232 F.3d at 287; *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). However, the court "will *vacate* BIA conclusions, as to the existence or likelihood of persecution, that a perfectly reasonable fact-finder *could* have settled upon, insofar as the BIA has not applied the law correctly, or has not supported its findings with record evidence." *Jin Shui Qui v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003).

We find that in requiring respondent to establish that her religious beliefs or practices would cause her to be affected by China's policies, the IJ misapplied the law. That misapplication of the law, which when properly applied will require the IJ to weigh the balance of the facts that have been found based on the petitioner's own credible testimony, requires us to vacate the BIA's summary affirmance of the IJ's decision. The case is remanded for a determination of whether there is a "reasonable possibility" that petitioner would be subject to religious persecution if she were to return to China.[3]

---

3. We express no view as to whether petitioner in fact has demonstrated a "reasonable possi-bility" of persecution in this case. Thus, our holding in this case is without prejudice to

Accordingly, for the reasons set forth above, the petition is granted, the summary affirmance of the BIA is vacated, and the matter is remanded for further consideration.

petitioner's ability to appeal future findings of the IJ to the BIA, and eventually the circuit courts, on the basis that petitioner's credible testimony supports a finding of a "reasonable possibility" of persecution as a matter of law.